# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL MORRISON,**

      **Plaintiff,**

**v.**                                                         **Case No:   6:16-cv-1809-Orl-31TBS**

**CITY OF HOLLY HILL and MATT ARMSTRONG,**

      **Defendants.**

## ORDER

This matter is before the Court on the Motion to Dismiss (Doc. 14) filed by the Defendant, the City of Holly Hill, and the Response in Opposition (Doc. 15) filed by the Plaintiff, Michael Morrison.

**I.     Background**

Michael Morrison brings this action pursuant to 42 U.S.C. § 1983 against the City of Holly Hill (the "City"), and Officer Matt Armstrong, a police officer employed by the City. The City has moved to dismiss only the claims made against it;[1] therefore, the claims against Officer Armstrong will not be addressed here.

According to the facts alleged in the Complaint (Doc. 1) which are taken as true for purposes of this Order, Officer Armstrong entered Michael Morrison's home in Holly Hill, Florida, without a warrant on October 21, 2012, and shot Morrison several times. Morrison alleges that the City is liable under 42 U.S.C. § 1983 because it had an established policy, custom, or

---

[1] Officer Armstrong has not been served as of the writing of this Order.

practice of encouraging "officers to aggressively stop individuals without regard to their Constitutional [sic] rights . . . ." (Doc. 1 ¶ 20). The City has moved to dismiss Morrison's claim arguing that Morrison has failed to allege sufficient facts to establish municipal liability under § 1983.

## II.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When it comes to municipal liability under § 1983, "[v]ague and conclusory allegations will not support a claim." *Hall v. Smith*, 170 F. App'x 105, 107–08 (11th Cir. 2006) (affirming dismissal of a § 1983 claim against a municipality where the plaintiff alleged no factual support for his conclusory statement that the municipality had a policy or custom of grossly inadequate supervision and training of its employees); *Cannon v. Macon Cty.*, 1 F.3d 1558, 1567 (11th Cir. 1993) (affirming dismissal of a § 1983 claim against a county when the plaintiff failed to "to allege any facts whatsoever to indicate that the alleged violation was a result of a [municipal] policy or practice that would give rise to [municipal] liability"). Simply alleging the elements of a municipal liability claim, without any factual support, is insufficient to survive a motion to dismiss. *See Gray v. City of Roswell*, 486 Fed. App'x 798, 800–01 (11th Cir. 2012) (holding that a plaintiff failed to state a claim after failing to "recite any facts or policies that would support a claim against" a municipality, and only making "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements") (internal quotation marks omitted).

### III.   Discussion

"[I]t is well established that a municipality may not be held liable under section 1983 on a theory of respondeat superior." *Davis v. Dekalb Cty. Sch. Dist.*, 233 F.3d 1367, 1375 (11th Cir. 2000). But a government entity is subject to § 1983 liability "when execution of a government's

policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," violates an individual's constitutional rights. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, to establish municipal liability a plaintiff must demonstrate (1) that his constitutional rights were violated, and (2) identify a municipal custom or policy that (3) caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289–90 (11th Cir. 2004).

> As this Court has previously stated:
>
> The second element—that a municipal custom or policy exists—can be established in a number of ways: (1) through the explicit setting of an unconstitutional policy by the government, *Monell*, 436 U.S. at 694–95; (2) when a final policymaker within the government commits the unconstitutional act, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123–30 (1988); (3) when a final policymaker is aware of, and approves of, both the unconstitutional action and the basis for it, before it occurs, *Salvato v. Miley*, 790 F.3d 1286, 1296 (11th Cir. 2015); *Matthews v. Columbia Cty.*, 294 F.3d 1294, 1297 (11th Cir. 2002) (citations omitted); or (4) where the municipality knew of a specific training need and made a deliberate choice not to take action, amounting to deliberate indifference to the rights of those injured. *City of Canton v. Harris*, 489 U.S. 378, 388–90 (1989); *Gold v. City of Miami*, 151 F.3d 1346, 1349–51 (11th Cir. 1998).

*Irons v. City of Holly Hill*, No. 616CV479ORL31GJK, 2016 WL 4810721, at *3 (M.D. Fla. Sept. 14, 2016).

Here, assuming arguendo that the first element is satisfied, Morrison's generalized allegations fail to establish the second and third. Morrison generally concludes that the City had a policy that encouraged police officers "to aggressively stop individuals without regard to their Constitutional [sic] rights;" that the City "displayed deliberate indifference" to Officer Armstrong's unconstitutional acts; and that the City knew of constitutional violations committed by its officers. (Doc. 1 ¶¶ 20–22) But Morrison provides no factual support for these conclusions. Indeed, even assuming such a policy existed, Morrison fails to provide facts demonstrating a

causal link between said policy and Officer Armstrong's alleged use of excessive force on Morrison. As such, Count II will be dismissed.[2]

It is therefore **ORDERED** that the City's Motion to Dismiss (Doc. 14) is **GRANTED** and Count II of the Complaint (Doc. 1) is dismissed without prejudice. If Plaintiff wishes to re-plead this Count, he may file an Amended Complaint by February 3, 2017.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 18, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] To avoid any misunderstanding, Count II here is erroneously identified as Count III in the Complaint. (Doc 1).